**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

September 25, 2020

**By ECF**



Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   United States v. Justin Nettles, 20 Cr. 509 (KPF)

Honorable Judge Failla:

I write to respectfully request a stay of any deadline for Justin Nettles to challenge his indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

On September 22, 2020, Mr. Nettles was indicted on four charges stemming from two recent bank robberies and one attempted bank robbery. It is my understanding that he was indicted by a Grand Jury drawn from the White Plains Division and empaneled in January 2019.

Section 1867(a) of Title 28 of the United States Code allows a defendant to move to dismiss an indictment on the ground that the grand jury responsible for indicting him failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Section 1867(f) enables such motions by allowing a defendant to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" under Section 1867(a). 28 U.S.C. §§ 1867(a), (f); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id*.

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit Court of Appeals has not considered "what constitutes the timely filing of a motion pursuant to the JSSA

related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020) (citing cases from the Eleventh Circuit Court of Appeals, the Northern District of Florida, and the Western District of New York).

I have consulted with my Federal Defender colleagues and believe that the relevant records will be produced to defense counsel in *United States v Miles Charles*, 20 Cr. 419 (VM) and *United States v. Damien Matthews*, 20 Cr. 430 (KMV), which involve indictments issued by the same Grand Jury. Further, the government has informed me that once the complete records are produced in those cases, and following the parties' agreement regarding a Protective Order governing the handling of Grand Jury records in this case, the government will produce a copy of the relevant records so that I may use them in connection with my representation of Mr. Nettles. Accordingly, I respectfully request that the Court stay any deadline for the filing of a fair cross-section motion until our expert has had the opportunity to receive and review the records, form an expert opinion, and produce any relevant reports. The government consents to this application.

Respectfully submitted,

/s/ Annalisa Mirón
Annalisa Mirón, Esq.
Assistant Federal Defender
(646) 745-4899

CC: Assistant U.S. Attorney Kevin Mead

```
Application GRANTED. The Court reminds the parties that neither side has
requested exclusion of time under the Speedy Trial Act.


Dated:    September 25, 2020            SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE